1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOLYNN DURAN,                              No.  1:20-cv-01562-NONE-EPG

12                  Plaintiff,

13        v.                                    SUA SPONTE ORDER REMANDING
                                                ACTION TO STATE COURT
14   RYAN LEPORE, et al.,
                                                (Doc. No. 1)
15                  Defendants.

16   _____

17        The undersigned revokes any actual or anticipated referral to a magistrate judge for the

18   purposes of findings and recommendations in this case.

19        On November 5, 2020, defendant[1] Jolynn Duran filed a pro se Notice of Removal with

20   this court, seeking to remove an action from the Superior Court for the County of Merced.  (Doc.

21   No. 1.)  For the following reasons, the court *sua sponte* REMANDS this case to the Merced

22   County Superior Court.

23        Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the

24   district court has original jurisdiction.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th

25   Cir. 2009).  If at any time before final judgment it appears that the district court lacks subject

26

27   _____

     [1]  Though Jolynn Duran has named herself as plaintiff, that is incorrect.  In seeking to remove a
28   state court action in which she is named as defendant, Duran remains the named defendant in the
     federal court action.  The court will refer to Duran as "defendant," notwithstanding the current
     captioning of the case.

                                                  1

1    matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Federal courts are courts of

2    limited jurisdiction and can adjudicate only those cases authorized by the United States

3    Constitution and Congress.  Generally, those cases involve diversity of citizenship, a federal

4    question, or where the United States is a party.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

5    375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S.*

6    *California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442.  Lack of subject matter jurisdiction is never

7    waived and may be raised by the court *sua sponte*.  Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland,*

8    *Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

9            In determining the presence or absence of federal question jurisdiction in removal cases,

10   the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only

11   when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

12   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The removal statute is strictly construed

13   in favor of remand and against removal.  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698

14   (9th Cir. 2005).  Among other things, this means that the defendant always has the burden of

15   establishing that removal is proper.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838

16   (9th Cir. 2004).  Federal jurisdiction must be rejected if there is any doubt as to the right of

17   removal in the first instance.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

18           Here, defendant is unable to establish federal question jurisdiction because the complaint

19   filed in the state court contains a single cause of action for unlawful detainer based on California

20   Code of Civil Procedure section 1161a.  Unlawful detainer actions are strictly within the province

21   of the state courts.  *See PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C 15-01264 WHA, 2015 WL

22   3866892, at *4 (N.D. Cal. June 22, 2015) (collecting cases).  Therefore, plaintiffs' complaint

23   avoids federal question jurisdiction.  A defendant cannot create federal subject matter jurisdiction

24   by adding claims or defenses to a notice of removal.  *Vaden v. Discover Bank*, 556 U.S. 49, 50

25   (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim");

26   *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-

27   law claim does not confer jurisdiction on a federal court, even if the defense is that of federal

28   preemption and is anticipated in the plaintiff's complaint.").

1    The next possible basis for this court's jurisdiction is diversity.  District courts have

2    diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or

3    value of $75,000, exclusive of interests and costs," and the action is between "(1) citizens of

4    different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of

5    different States and in which citizens or subjects of a foreign state are additional parties; and (4) a

6    foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332; *see*

7    *also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

8    Defendant cannot establish diversity of citizenship jurisdiction in this case.  The complaint

9    filed in the underlying unlawful detainer action unequivocally states that the amount in

10   controversy is less than $10,000.  When a state court complaint affirmatively alleges that the

11   amount in controversy is less than the jurisdictional threshold, the party seeking removal must

12   prove with "legal certainty" that the jurisdictional amount is met.  *Guglielmino v. McKee Foods*

13   *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. CV

14   15-04358 MMM PJWX, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015).  Defendant's

15   notice of removal does not provide any basis for a finding that the amount in controversy exceeds

16   the $75,000 threshold.  The amount in controversy is determined without regard to any setoff or

17   counterclaim to which defendant may be entitled.  *Mesa Indus., Inc. v. Eaglebrook Products, Inc*.,

18   980 F. Supp. 323, 326 (D. Ariz. 1997).  Thus, the amount in controversy is insufficient to provide

19   this court with diversity jurisdiction.

20   Moreover, in removal cases where the purported basis of jurisdiction is diversity

21   jurisdiction, removal is not permitted where a defendant is a citizen of the state in which the

22   plaintiff originally brought the action (even if the opposing parties are citizens of different states).

23   *See* 28 U.S.C. § 1441(b).  Here, defendant has only provided a post office box in Merced,

24   California, for an address and has not provided any information on the citizenship of defendants.

25   She does not provide any alternative basis for a finding of diversity of citizenship.

26   /////

27   /////

28   /////

3

Accordingly, the court REMANDS this case to the Merced County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated:   **November 9, 2020**                   _____
                                                 UNITED STATES DISTRICT JUDGE

4